IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $124,706.74 in Wells Fargo Bank, N.A., Business Checking Account Number x8446; <br><br> $117,164.27 in CommunityAmerica Credit Union Member Account Number x7538; <br><br> $112,834.67 and any equity appreciation in value thereon in Copper Financial – Wealth Management by CommunityAmerica, Individual Brokerage Account Number x5841; <br><br> $783,934.91 and any equity appreciation in value thereon in Ameriprise Financial, Client ID number x9001, Group ID number x7001; <br><br> $28,839.64 and any equity appreciation in value thereon in The Charles Schwab Corporation, Schwab One Brokerage Account Number x6260; <br><br> $655.03 and any equity appreciation in value thereon in The Charles Schwab Corporation, IRA Contributory Brokerage Account Number x1893; <br><br> 2021 Mercedes-Benz, GLB 250, VIN number W1N4M4HB6MW107021; and <br><br> 2021 Ford F-150, VIN number 1FTFW1E83MFA59785; <br><br> Defendants. | Case No. _____ |

# COMPLAINT FOR FORFEITURE *IN REM*

The Plaintiff, United States of America, by its attorneys, Teresa A. Moore, United States Attorney for the Western District of Missouri, and Leigh Farmakidis, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and § 981(a)(1)(C).

## THE DEFENDANTS *IN REM*

2. The following Defendant Properties have been seized and are in the actual or constructive custody of the United States Marshals Service:

   a. $124,706.74 in Wells Fargo, Business Checking Account Number x8446;

   b. $117,164.27 in Community America Credit Union, Member Account Number x7538;

   c. $112,834.67 and any equity appreciation in value thereon in Copper Financial - Wealth Management by Community America, Individual Brokerage Account Number x5841;

   d. $783,934.91 and any equity appreciation in value thereon in Ameriprise Financial, Client ID number x9001, Group ID number x7001;

   e. $28,839.64 and any equity appreciation in value thereon in Charles Schwab, Schwab One Brokerage Account Number x6260;

   f. $655.03 and any equity appreciation in value thereon in Charles Schwab, IRA Contributory Brokerage Account Number x1893;

   g. 2021 Mercedes Benz GLB250, VIN W1N4M4HB6MW107021; and

   h. 2021 Ford F-150 Platinum, VIN 1FTFW1E83MFA59785.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the defendant property is found in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395, because the action accrued in this district and the defendant property is found in this district.

## FACTS

6. Beginning in or about 2018 and through 2022, an employee of the Economic Development Corporation of Kansas City ("EDCKC") was involved in a scheme to defraud EDCKC and/or its constituent agencies by embezzling funds by wire transfer(s) through false or fraudulent representations.

7. The Defendant Properties, which are traceable to proceeds of the fraudulent scheme and/or involved in money laundering activity, have been seized and are in the actual or constructive custody of the United States Marshals Service.

a. **The Wells Fargo Account**

8. Over $1.8 million in proceeds embezzled from EDCKC were deposited in Wells Fargo Bank, N.A. Account Number x8446 (the "Wells Fargo Account"), which is a business account assigned to a non-profit organization operated by a former, now-deceased EDCKC employee ("Employee 1").

9. Employee 1 was the owner and had sole signature authority for the Wells Fargo Account.

10. In addition to proceeds of fraud, approximately $51,925.00 in payroll paid to Employee 1 by EDCKC and approximately $16,461.76 in other funds were deposited in the Wells Fargo Account.

11. Using a proceeds-in-first-out accounting principle, all funds disbursed from the Wells Fargo Account from the date of the first fraudulent deposit to the present, constitute fraud proceeds.

12. To the extent that other accounts and/or assets were funded by or purchased with funds disbursed from the Wells Fargo Account since the date of the first fraudulent deposit, those accounts and/or assets are directly traceable to fraud proceeds and/or involved in money laundering activity.

13. $124,706.74 seized from the Wells Fargo Account, which represents the account balance as of the date of seizure less the non-traceable funds in the amount of $68,386.76 ($51,925.00 in payroll plus $16,461.76 in other funds referenced above), is traceable to fraud proceeds.

b. **CommunityAmerica Credit Union Member Account Number x7538**

13. CommunityAmerica Credit Union Member Account Number x7538, which is owned by Employee 1 and his/her spouse, was funded, in significant part, by the Wells Fargo Account and is therefore traceable to proceeds of fraudulent activity and/or involved in money laundering activity.

14. Over $1 million in proceeds traceable to the fraud were deposited in CommunityAmerica Credit Union Member Account Number x7538, including but not limited to the following transactions:

   a. Approximately $755,000 was transferred to the CommunityAmerica Credit Union Member Account Number x7538 directly from the Wells Fargo Account, which constitutes fraud proceeds.

   b. Approximately $73,396.77 was transferred to the CommunityAmerica Credit Union Member Account Number x7538 from a Bank of America account owned and/or controlled by Employee 1. The funds transferred from Bank of America Account Number x4759 are traceable to the fraudulent deposit of checks intended for EDCKC and its agencies.

   c. Approximately $230,000 was transferred to the CommunityAmerica Credit Union Member Account Number x7538 by a cashier's check from Mainstreet Credit Union deposited on or about December 18, 2021. The cashier's check was purchased on December 17, 2021. The funds are traceable to an approximately $250,000 check drawn on the Wells Fargo Account that was deposited into the Mainstreet Credit Union Member Account x3444 on April 15, 2021. A financial tracing analysis using the proceeds-in-first-out accounting principle, established that the entirety of the $230,000 cashier's check is traceable to fraud proceeds.

15. Employee 1 effected and/or directed transfers of funds to CommunityAmerica Credit Union Member Account Number x7538 with knowledge that such funds were proceeds of the wire fraud scheme.

16. Upon information and belief, a small portion of the funds deposited in CommunityAmerica Credit Union Member Account Number x7538 were not traceable to fraud proceeds: approximately $36,989.04 in direct deposits between the period February 1, 2022, to April 30, 2022; and approximately $108,650 in direct deposit transactions representing the payment of payroll by the EDCKC to Employee 1 between the period November 23, 2019, to January 29, 2022.

17. These funds helped disguise the fraudulent transfers and made the fraud more difficult to detect.

18. $117,164.27 seized from the CommunityAmerica Credit Union Member Account Number x7538, the total balance on the date of seizure, is traceable to fraud proceeds and/or involved in money laundering activity.

c. **Copper Financial -- Wealth Management by CommunityAmerica Brokerage Account Number x5841**

19. Copper Financial Account Number x5841 was opened by Employee 1.

20. The initial investment in Copper Financial Account Number x5841was made with an official check, issued by CommunityAmerica Credit Union and drawn on Member Account Number x7538, in the amount of approximately $100,000.

21. Copper Financial account number x5841 also received monthly draws from the Wells Fargo Account through an Automated Clearing House (ACH) Agreement.

22. The initial draw was for approximately $5,000.00.

23. Subsequent draws were for approximately $1,250.00.

24. $112,834.67 in in Copper Financial account number x5841, the total balance on the date of seizure, as well as any equity appreciation in value thereon are traceable to fraud proceeds and/or involved in money laundering activity.

### d. **Ameriprise Financial Services, LLC Accounts**

25. The spouse of Employee 1 opened several investment accounts with Ameriprise Financial Services in August 2022.

26. Ameriprise Financial, Client ID number x9001, Group ID number x7001 was funded by three transfers all made on August 12, 2022, two from CommunityAmerica Credit Union Member Account x7538 and one from Mainstreet Credit Union Member Account x3444.

27. The two deposits from CommunityAmerica Credit Union Member Account x7538 were $422,192.84 and $336,491.62, respectively.

28. All funds from CommunityAmerica Credit Union Member Account x7538 are either directly traceable to fraud proceeds and/or involved in money laundering activity.

29. In addition, $164,000 was transferred from Mainstreet Credit Union Member Account x3444.

30. A total of approximately $361,000 in fraudulent proceeds were deposited into Mainstreet Credit Union Member Account Number x3444.

31. Using the proceeds-in, first-out accounting principle, approximately $25,250.45 of the transfer from Mainstreet Credit Union made on or about August 12, 2022, is traceable to fraud proceeds.

32. The total traceable fraudulent proceeds and/or monies involved in money laundering activity that have been deposited in Ameriprise Financial, Client ID number x9001, Group ID number x7001 is $783,934.91.

33. The total traceable proceeds and/or monies involved in money laundering activity that have been deposited in Ameriprise Financial, Client ID number x9001, Group ID number x7001 as well as any appreciation or increase in value on those funds are subject to forfeiture.

**e. Charles Schwab Brokerage Account Number x6260**

34. On or about January 18, 2022, Employee 1 opened Schwab One Brokerage Account, Account Number x6260.

35. The first and only deposit into Schwab One Brokerage Account, Account Number x6260 on or about January 25, 2022, was in the amount of approximately $25,000 from CommunityAmerica Credit Union Member Account x7538. The approximately $25,000 deposit is directly traceable to proceeds of the fraud and/or involved in money laundering activity.

36. $28,839.64 in Schwab One Brokerage Account, Account Number x6260, the total balance on the date of seizure, as well as any equity appreciation in value thereon are traceable to fraud proceeds and/or involved in money laundering activity.

**f. Charles Schwab Brokerage Account Number x1893**

37. On or about January 25, 2022, Employee 1 opened Contributory IRA Brokerage Account, Account Number x1893.

38. The first and only deposit into Contributory IRA Brokerage Account, Account Number x1893 on or about January 27, 2022, was in the amount of approximately $7,000 from the Wells Fargo Account. The approximately $7,000 deposit is directly traceable to proceeds of the fraud and/or involved in money laundering activity.

39. $655.03 in Contributory IRA Brokerage Account, Account Number x1893, the total balance on the date of seizure, as well as any equity appreciation in value thereon are traceable to fraud proceeds and/or involved in money laundering activity.

**g. 2021 Mercedes-Benz GLB 250, VIN number W1N4M4HB6MW107021**

40. Employee 1 purchased a 2021 Mercedes-Benz GLB 250, VIN number W1N4M4HB6MW107021 for approximately $59,579.50.

41. The purchase was funded with an official check, issued by CommunityAmerica Credit Union and drawn on member account number x7538, in the amount of $51,231.50, and a charge to a Visa credit card, card x9221, in the amount of approximately $8,348.

42. The funding of these payments to purchase the vehicle are directly traceable to proceeds of the fraud and/or proceeds involved in money laundering activity.

h. **2021 Ford F-150, VIN number 1FTFW1E83MFA59785**

43. On or about March 30, 2019, the spouse of Employee 1 purchased a 2019 Ford F-150, VIN number 1FTEW1E49KFA79948.

44. The total purchase price for the vehicle was approximately $62,922.12.

45. Approximately $47,501.16, or 80%, of the funds paid toward the purchase price of the 2019 Ford F-150, were directly traceable to fraud.

46. On or about March 6, 2021, the spouse of Employee 1 purchased a 2021 Ford F-150, VIN number 1FTFW1E83MFA59785.

47. The total purchase price for the vehicle was approximately $69,817.

48. The purchase involved the trade-in of the above-referenced 2019 Ford F-150. The value of the trade-in was approximately $45,000.

49. The purchase was also funded with a cashier's check in the amount of approximately $19,400, which was purchased with funds from the Wells Fargo Account, and two charges to a Visa credit card, card x 9221, one charge dated February 20, 2021, in the amount of $500, and a second charge dated March 6, 2021, in the amount of $1,827.75.

50. The funding of these payments to purchase the vehicle were directly traceable to proceeds of the fraud and/or proceeds involved in money laundering activity.

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

51. The Plaintiff repeats and incorporates by reference the paragraphs above.

52. The defendant properties constitute, or were derived from, proceeds traceable to violations of Title 18, United States Code, Section 1343, that is, wire fraud, and therefore, is forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF

53. The Plaintiff repeats and incorporates by reference the paragraphs above.

54. By the foregoing and other acts, the defendant properties constitute proceeds involved in transactions or attempted transactions, in violation of Title 18 U.S.C. §§ 1956 and 1957, or is property traceable to such a transaction, and therefore, are forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE the United States prays that the defendant properties be forfeited to the United States, that the Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By: */s/ Leigh Farmakidis*
Leigh Farmakidis
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: Leigh.Farmakidis@usdoj.gov

## VERIFICATION

I, Special Agent Zachary Brown, hereby verify and declare under penalty of perjury that I am a Special Agent of the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs 6 through 50 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: February 8, 2023

                                              */s/ Zachary Brown*
                                              Zachary Brown, Special Agent
                                              Federal Bureau of Investigation

11

Case 4:23-cv-00087-BP   Document 1   Filed 02/08/23   Page 11 of 11